IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 06-cv-00613-RPM

MARK J. NIDIFFER,

        Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner,
Social Security Administration,

        Defendant.

_____

ORDER VACATING DECISION AND FOR REMAND FOR FURTHER PROCEEDINGS
_____

Because the Administrative Law Judge ("ALJ") failed to provide an adequate explanation for his finding that the medical records of the treatment provided to Mark J. Nidiffer for his disorder of the spine did not support the opinion of the orthopedic surgeon who performed three surgeries on the claimant that he met the criteria of the listed impairments requiring a finding of disability at Step 3 of the sequential evaluation process, the decision must be vacated and remanded for further proceedings to obtain additional information.

In the written decision, the ALJ wrote the following paragraph:

The undersigned has specifically considered Section 1.04 *Disorders of the spine.* Regarding this Listing, Dr. Wyman completed a questionnaire, which would seem to indicate that the claimant meets all of the appropriate criteria. However, in his response to question number 2, Dr. Wyman has contradicted his previously documented opinion that the claimant's ongoing lower extremity problems are due to scar tissue and

1

>not due to nerve root compromise (Exhibit 12F, page 1; and Exhibit 17). Therefore, the undersigned has accorded no weight to Dr. Wyman's opinion, as reflected at Exhibit 21F. (R.23)

The view expressed in that paragraph appears to be based on an assumption that if "compromise of a nerve root" is the result of scar tissue it is not qualifying. The Listing reads, in pertinent part, as follows:

>1.04 *Disorders of the spine* (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vetebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
>A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)....

There is nothing in the Listing that excludes compression or compromise of a nerve root as a result of scar tissue which formed as a consequence of two surgical procedures at the site of the nerve root, which is this case.

The medical evidence is clear that these surgeries were performed to treat spinal stenosis caused by a herniated disc and that the surgeries produced scar tissue. Additionally, the ALJ assumed that in his response to the specific inquiries from claimant's counsel answering yes to the question of nerve root compression, Dr. Wyman was giving an opinion inconsistent with an earlier observation in his note made on October 13, 2003, that "I think he has scar tissue." R.296.

The ALJ wrote that because of this perceived inconsistency he gave no weight to Dr. Wyman's opinion. The ALJ assumed the role of a medical expert. Under the

Social Security Regulations the ALJ, at a minimum, had a duty to contact Dr. Wyman for additional evidence or clarification of the perceived conflict or ambiguity. 20 C.F.R. § 404.1512(e).

The ALJ also rejected the opinion of the claimant's treating physician, Dr. Cain, expressed in the physical evaluation form questionnaire that Mr. Nidiffer is unable to work a full eight-hour day because of exertional limitations which would cause him to be unable to perform any work on ten or more days per month. The reasons given by the ALJ for his rejection of this evaluation were that Dr. Cain was relying on the patient's subjective complaints of pain and Dr. Cain's suggestion that there may be retraining for a "non-physical labor occupation." The ALJ considered these views inconsistent. The medical record reflects that Dr. Cain has treated the claimant for years with medication for both acute and chronic pain produced by his back condition. Again, the ALJ did not make any effort to seek clarification or additional information from Dr. Cain or seek any independent medical evaluation.

The plaintiff has raised other issues in his complaint for judicial review under 42 U.S.C. § 405(g) as to the sufficiency of the evidence to support the ALJ's conclusion as to residual functional capacity which need not be addressed in light of the foregoing ruling.

Because of these deficiencies in the ALJ's analysis which was accepted by the Commissioner in denying this claim for disability, it is

ORDERED that the decision is vacated and this matter is remanded to the Commissioner for further proceedings to evaluate the medical opinions of the two

treating physicians and any additional medical evidence to determine disability.

DATED: May 24th, 2007

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior Judge